593 So.2d 1121 (1992)
PALM BEACH MALL, INC., a Florida corporation and Corporate Property Investors, a Massachusetts Business Trust, Appellants/Cross Appellees,
v.
SOUTHEAST MILLWORK, INC., a Florida corporation, Appellee/Cross Appellant.
No. 90-3345.
District Court of Appeal of Florida, Fourth District.
February 5, 1992.
Rehearing Denied March 27, 1992.
Thomas E. Ashe, Miami, for appellants/cross appellees.
Joel L. Roth of Hershman & Roth, Boca Raton, for appellee/cross appellant.
PER CURIAM.
Appellants claim that the trial court erred in entering a final judgment foreclosing a claim of lien for construction of a retail kiosk for a lessee at the Palm Beach Mall, contending that the kiosk was neither a permanent improvement or specially fabricated materials within the meaning of *1122 the Mechanics' Lien law. While the trial court agreed that the kiosk was not a permanent improvement to the realty, it granted the lien on the basis that the labor, services and materials to construct the kiosk were "specially fabricated materials". We reverse.
The appellants leased a kiosk space in the Palm Beach Mall to L'Essence Ltd. The lease specified the construction requirements of the kiosk. Upon termination of the lease, the lessee was entitled to remove the kiosk. In performing the lease, L'Essence contracted with appellee to construct the kiosk in accordance with the mall specifications. The kiosk was "hardwired" into the mall electrical outlet available at the site. This was considered a permanent wiring installation, but it was not attached in any other way to the mall property. The trial court concluded that the hard-wiring alone did not make the kiosk a permanent improvement within the meaning of the Mechanics' Lien law. Considering the provisions of the lease which show an intent of the parties to consider the kiosk removable at the end of the lease, coupled with the fact that we do not have a complete record of the proceedings below, we find no error in this finding by the trial court.
The trial court found that while the kiosk could have been physically removed, re-assembled and used at a different location as a kiosk, there was no testimony that it would have been acceptable for use in a "like improvement" such as another mall. The court concluded that the construction of the kiosk consisted of specially fabricated materials within the meaning of section 713.01(6), Florida Statutes (1989), sufficient to impress a lien against the mall realty. However, having found that the kiosk was not a permanent improvement to the mall, the court could not then conclude that the kiosk constitutes specially fabricated materials, since such materials must be for incorporation into an "improvement" which the statute defines as:
any building, structure, construction, demolition, excavation, landscaping, or any part thereof existing, built, erected, placed, made or done on land or other real property for its permanent benefit (emphasis added).
§ 713.01(8), Fla. Stat. (1989). Thus, the lienor is not entitled to a lien on the mall property where the court has found that the structure was not of permanent benefit to the mall.
Reversed and remanded for entry of a judgment in favor of appellants.
WARNER and FARMER, JJ., concur.
LETTS, J., dissents without opinion.